CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 25 2014

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES EDWARD BROWN III, | CASE NO. 7:14CV552 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| VIRGINIA DEPT. OF CORRECTIONS, | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendant. | |

Charles Edward Brown III, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he was convicted of a disciplinary infraction without due process. Upon review of the record, the court finds that the action must be summarily dismissed.

Brown alleges that in October 2013, he was confined in the segregation unit at Keen Mountain Correctional Center, where he had been housed since May 2013 on an unrelated disciplinary matter. After Inmate Watts assaulted Inmate Iceland in a general population unit at Keen Mountain on October 22, 2013, officials brought a disciplinary charge against Brown for conspiring with Watts to carry out that assault. At the disciplinary hearing, Brown presented written statements from Watts and Iceland, who both denied that Brown had any knowledge of or involvement in the fight. Nevertheless, based on other evidence, including statements from confidential informants not disclosed to Brown, officials found him guilty of the offense of "gang activity conspiracy to commit aggravated assault upon an offender," and penalized him with disciplinary segregation for fifteen days. The conviction was upheld on appeal.

In his § 1983 complaint, Brown essentially asks the court to overturn the conviction for several reasons, including: the hearing officer was biased against him because of gang

affiliations, the charges were stacked, he could not question the confidential informants, and his evidence of innocence was ignored. As relief, Brown seeks to have the charge expunged from his record.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To prevail on a due process claim related to his confinement, an inmate must demonstrate that he was deprived of a protected liberty interest by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When a prison disciplinary punishment does not increase the inmate's term of confinement, protected liberty interests are generally limited to freedom from forms of restraint which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation was not the type of atypical, significant deprivation required to create a protected liberty interest). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991). If a disciplinary penalty he receives does not impose atypical hardship on him compared to expected administrative changes, then he has no federally protected liberty interest related to that penalty, and has no federal due process right to particular procedural protections before prison officials

2

may impose it. Id. at 486-87. Moreover, a state's failure to abide by its own procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983.

In this case, Brown fails to state facts demonstrating that he had any federal right to procedural protections during the disciplinary proceedings on the conspiracy charge. The conviction did not cause him to lose earned good conduct time or otherwise affect the length of his confinement. Rather, the penalty imposed was merely a temporary assignment to a more restrictive housing status, and not the type of atypical hardship required to create a liberty interest triggering federal due process protections under the rubric in Sandin. As Brown fails to show any protected liberty interest in avoiding the penalty he received, he is unable to prove any federal constitutional right to any particular procedural protections before imposition of that penalty. Defendants' alleged violations of state procedural rules during the disciplinary proceedings and appeals do not support any constitutional claim actionable under § 1983 claim.

For the reasons stated, the court dismisses Brown's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state an actionable claim. The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of November, 2014.

*/s/ Jon Conrad*
Chief United States District Judge